UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ALEV AKBULUT, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:19-CV-02239-X-BN |
| v. | § | |
| | § | |
| KEVIN K. MCALEENAN, Acting Secretary U.S. Department of Homeland Security, and BRIDGET BEAN, | § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court considers the report of the United States Magistrate Judge in this action, which the Court referred to Magistrate Judge David L. Horan pursuant to 28 U.S.C. § 636.

The plaintiff filed a *pro se* complaint against Kevin McAleenan, Acting Secretary of the United States Department of Homeland Security (DHS) and Bridget Bean, another DHS official [Doc. No. 3]. As Magistrate Judge Horan notes, the plaintiff's complaint comprises claims of employment discrimination.[1]

Before addressing the merits of the plaintiff's claims, Magistrate Judge Horan first considered the issue of venue.[2] Magistrate Judge Horan found that Section 717

---

[1] *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* ("Report"), No. 3:19-cv-02239-X-BN, Doc. No. 7, at 1 ("Plaintiff Alev Akbulut, currently a resident of Irving, Texas, brings this *pro se* employment discrimination action based on acts that occurred while she was employed by the Federal Emergency Management Agency at FEMA's Office of the Chief Component Human Capital Officer in Washington, D.C.").

[2] *See generally id.*

1

of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-16(a)–(e), provides the exclusive remedy for federal employees' claims of discrimination.[3] This statute extends Title VII's protections to federal employees and also prescribes Title VII's venue requirements.[4] Based on the requirements of section 2000e-5(f)(3), Magistrate Judge Horan concluded that the Northern District of Texas is not the proper venue for the plaintiff's case.[5] Instead, the District of the District of Columbia—the district in which the alleged wrongs occurred—is the proper venue. Faced with the choice of dismissing or transferring the case, Magistrate Judge Horan found that under 28 U.S.C. § 1406(a) the Court may *sua sponte* transfer an action if it is in the interest of justice.[6] Magistrate Judge Horan concluded that it was in the interest of justice to transfer.[7]

On September 24, 2019, Magistrate Judge Horan entered his *Findings, Conclusions, and Recommendation* ("Report") [Doc. No. 7] that the Court "should, in the interest of justice, transfer this action *sua sponte* to the District of the District of Columbia under 28 U.S.C. § 1406(a)."[8]

Having received the Report of the United States Magistrate Judge, and no

---

[3] *Id.* at 1–2.

[4] *Id.* at 2 (42 U.S.C. § 2000e-16(c) prescribes the venue requirements of Section 2000e-5(f)(3)).

[5] *See id.* at 4 ("Based on the *pro se* complaint, this district meets none of these elements.")

[6] *Id.* at 4.

[7] *See id.* at 5 ("Other courts have noted in cases similarly postured to this one that the interest of justice's transfer-over-dismissal preference 'is especially true when the plaintiff files a complaint *pro se*.'" (quoting *James v. Verizon, Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009)).

[8] *Id.* at 5.

timely objections being filed,[9] the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Accordingly, the Court considers venue *sua sponte* and transfers this action to the District Court for the District of Columbia.

**IT IS SO ORDERED** this 28th day of October 2019.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] Although the Plaintiff filed a response to the Magistrate Judge's Report on October 1, 2019, the Plaintiff's response did not contain an objection to the Report. In fact, the Plaintiff affirmatively agreed with the Magistrate Judge's recommendation of transferring the action to the District of the District of Columbia. *See Response* [Doc. No. 8] ("First of all, I want to thank you for reviewing my case for willing to transfer it to the District of the District of Columbia . . . . I hope that I covered everything so far to ensure that my case gets transferred to the District of the District of Columbia.").